## John Harris, appellant, *v.* Benjamin C. Jenks, appellee.

### *Appeal from Warren.*

If the words " State of Illinois" appear in any part of a summons, it is sufficient. It is not necessary that they should be in the caption.

Where a suit was dismissed by a justice of the peace, because the words " the State of Illinois" were omitted in the summons, and on appeal, the Circuit Court allowed the summons to be amended by inserting those words : *Held,* that there was no error.

A justice of the peace, under the act of March 2, 1833, has jurisdiction of an unliquidated account exceeding $ 100, but reduced below that sum by fair credits.

This was a suit originally commenced before a justice of the peace, on the following account :

"*Monmouth, February* 19, 1839.
"John Harris, to B. C. Jenks,        Dr.
" To hauling from St. Louis to Warren county, 2,747 lbs. of goods, wares, and merchandise, at $ 4,00 per hundred,

$ 109,88
Cr. by cash,                         13,00

Balance due,                         $ 96,88."

This cause was heard in the Warren Circuit Court, to which the cause was appealed, at the May term 1839, before the Hon. James H. Ralston and a jury. Verdict and judgment were ren-

dered for the plaintiff in the Court below, for $89,45 and costs. The defendant appealed to this Court.

A. WILLIAMS, for the appellant, contended, 1st. The justice's process was defective, and if he had the power to amend it, it was a discretionary power ; and consequently it was not error to quash it. The appeal to the Circuit Court, in this case was in the nature of a writ of error.

2d. The justice had no jurisdiction,— the amount of the account being over $100, and not reduced and ascertained by fair credits, &c. R. L. 386, 415 ; Gale's Stat. 402, 425 ; Clark v. Cornelius, Breese 21 ; Blue v. Vanlandingham, Breese 293 ; Sands v. Delap, Forman 116 ; 1 Scam. 168.

O. H. BROWNING, for the appellee.

BROWNE, Justice, delivered the opinion of the Court : (1)
This was a suit brought before a justice of the peace in and for Warren county, by Benjamin C. Jenks against John Harris, for $96,88.

When the cause came on for trial before the justice of the peace, it was dismissed because the words " the State of Illinois " were not inserted in the caption of the summons. It was then appealed to the Circuit Court of Warren county. On motion, it was there ordered by the Court, that the plaintiff, Jenks, have leave to amend the summons by inserting the words, " the State of Illinois."

On the trial, the plaintiff proved his account. He also proved by Walter Butler, that the witness loaned Jenks ten dollars on account of Harris, and that Harris handed the witness $13, at St. Louis, for Jenks, and Jenks got goods at St. Louis, on account of Harris. Witness knew of no settlement between the parties, nor did he know that the money and goods were to be applied on plaintiff's account, but understood they were. The defendant moved the Court to instruct the jury, as in case of nonsuit. The motion was overruled, and verdict and judgment were then rendered in favor of the plaintiff, against the defendant, for $96,88. To reverse the judgment this appeal is brought.

For aught that appears, the words " the State of Illinois," might have appeared on some other part of the summons. It does not necessarily follow that the process did not run in the proper name. It is immaterial in what part of the summons the words, " the State of Illinois " appear ; and by the 35th section of " *An Act concerning Justices of the Peace and Constables,*" (2) it is provided, that the Circuit Court shall at any time admit of such amendment of the papers and proceedings as may be necessary

(1) Wilson, Chief Justice, was not present on the argument of this cause.
(2) R. L. 396; Gale's Stat. 410.

to a fair trial of the case upon its merits. Under this statute it would seem that the Court had a right to order the amendment.

We see no objection to the jurisdiction of the justice, on account of the amount in controversy. In the case of Hugunin v. Nicholson, (1) it was decided, that a justice of the peace has jurisdiction in a case where the original indebtedness exceeds one hundred dollars, but has been reduced below that sum by fair credits. It is not necessary that the accounts between the parties should be liquidated. The act of March 2, 1833, provides for a case like the present.

The judgment of the Circuit Court of Warren county is affirmed, with costs.

*Judgment affirmed.*

*Note.* See State Bank v. Buckmaster, Breese 133.

(1) 1 Scam. 575.
(2) Wilson, Chief Justice, was not present on the argument of this cause.